UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:  1:21-cv-09423

LINDSEY ADELMAN STUDIO, LLC, a
New York limited liability company, LINDSEY
ADELMAN, individually,

       Plaintiffs,

vs.

LUCRETIA LIGHTING PTY. LTD., an Australian
entity which operates the website
www.lucretiashop.com.au, REPLICA LIGHTS, an
Australian entity which operates the website
www.replicalights.com.au, REPLICA-LIGHTS,
a Russian entity which operates the website
www.replica-lights.com, DELIGHTFUL, a Russian
entity which operates the website www.delightful.su,
LOFT & CONCEPT, a Russian entity which operates
the website www.loft-concept.ru, JAS INDUSTRIES,
LTD., an UK entity which operates the website
www.jasboutique.co.uk, THE PLUM PLUM,
a Kazakhstan entity which operates the website
www.theplumplum.com, GREAT LIGHT COMPANY,
a Russian entity which operates the website
www.great-light.ru, VAKKER LIGHTING, a
Chinese entity which operates the website
www.vakkerlighting.com, MOOIELIGHT, a Chinese
entity which operates the website www.mooielight.com,
SVETMARKET, a Russian entity which operates the
website www.svetmarket.ru, and John Does Nos. 1 - 55,

       Defendants.

_____/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  11/17/2021

## Order Granting Plaintiffs' Ex Parte Motion for Temporary Restraining Order and to Show Cause Why a Preliminary Injunction Should Not Issue

      Plaintiffs, Lindsey Adelman Studio, LLC and Lindsey Adelman, individually have moved

for a Temporary Restraining Order, Asset Restraining Order, and Order to Show Cause for a

Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15

U.S.C. 1051 *et seq*., and 15 U.S.C. 1116 against Defendants, LUCRETIA LIGHTING PTY. LTD., an Australian entity which operates the website www.lucretiashop.com.au ("Lucretia"), REPLICA LIGHTS, an Australian entity which operates the website www.replicalights.com.au ("Replica Lights"), REPLICA-LIGHTS, a Russian entity which operates the website www.replica-lights.com ("Replica-Lights"), DELIGHTFUL, a Russian entity which operates the website www.delightful.su ("Delightful"), LOFT & CONCEPT, a Russian entity which operates the website www.loft-concept.ru ("Loft Concept"), JAS INDUSTRIES, LTD., an UK entity which operates the website www.jasboutique.co.uk ("Jas Boutique"), THE PLUM PLUM, a Kazakhstan entity which operates the website www.theplumplum.com ("Plum Plum"), GREAT LIGHT COMPANY, a Russian entity which operates the website www.great-light.ru ("Great Light"), VAKKER LIGHTING, a Chinese entity which operates the website www.vakkerlighting.com ("Vakker Lighting"), MOOIELIGHT, a Chinese entity which operates the website www.mooielight.com ("Mooie Light"), SVETMARKET, a Russian entity which operates the website www.svetmarket.ru ("Svetmarket") and John Does Nos. 1 - 55 (collectively the "Defendants")

The Court, having reviewed Plaintiffs' Complaint, Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, the supporting Declarations and exhibits submitted therewith, grants Plaintiffs' Motion, and makes the following findings and conclusions:

Plaintiff Lindsey Adelman is an acclaimed designer of high quality lighting products. Adelman's lighting design products are made, marketed, and sold through Lindsey Adelman Studio. Plaintiffs own federally registered trademarks for "LINDSEY ADELMAN STUDIO" and "BRANCHING BUBBLE", which is a well-known chandelier and collection of lighting designs

sold by Plaintiffs.  Plaintiffs also sell and market their lighting products under unregistered trademarks that indicate origin from Plaintiffs which include the LINDSEY ADELMAN name, and other lighting design collections *Agnes*, *Cherry Bomb, Branching Branching Disc, Burst, Catch, Kingdom, Drop System, and Clamp Light*.  These, together with Plaintiffs' registered marks are collectively referred to as the "Lindsey Adelman marks".

Plaintiffs' Complaint, memorandum of law in support of temporary relief, supporting Declarations and exhibits thereto allege and present compelling evidence that Defendants are manufacturing, distributing, marketing, offering for sale, and or selling through the internet and various social media websites counterfeit reproductions and copies of Plaintiffs' lighting design products bearing counterfeit and infringing copies of Plaintiffs' federally protected registered and unregistered Lindsey Adelman marks in violation of the Lanham Act, 15 U.S.C. sections 1114 and 1125(a).[1]

Defendants also use authentic pictures of Plaintiffs' products that were commissioned and developed by Plaintiffs for use by Plaintiffs in their lighting design business.  In further violation of Plaintiffs' rights, Defendants have obtained copies of Plaintiffs' authentic product photographs, and utilize those images in Defendants' sale and marketing of inauthentic copies.  Defendants present Plaintiffs' products images as their own in the precise way that Plaintiffs present their authentic products; both in conjunction with the Lindsey Adelman marks.

---

[1] Plaintiffs' seek a temporary restraining order and preliminary injunction under Counts I, II, III, IV and X of their Complaint asserting claims for: Infringement of Registered Trademark "LINDSEY ADELMAN STUDIO" (count I);  Infringement of Registered Trademark "BRANCHING BUBBLE" (count II);  False designation of Origin/Infringement of Unregistered Trademark "LINDSEY ADELMAN" (count III);  False designation of Origin/Infringement of various Unregistered "LINDSEY ADELMAN marks" (count IV); and federal common law Unfair Competition/Passing Off (count X).

Standard for Temporary Relief and Plaintiffs' Entitlement to Same

Rule 65(b) of the Federal Rules of Civil Procedure provides in part that a temporary restraining order may be granted without written or oral notice to the opposing party or that party's counsel where "it clearly appears from the specific facts shown by affidavit . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Moreover, temporary restraining orders are available on an *ex parte* basis if the movant shows through an affidavit that there is a threat of intervening immediate, irreparable harm before the adverse party may be heard in opposition and the movant's attorney certifies in writing why notice should not be required. Fed. R. Civ. P. 65(b).

"Within the Second Circuit, the standards for the entry of a TRO are the same as those that govern the entry of a preliminary injunction, and require the plaintiff to demonstrate: '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits ... and a balance of hardships tipping towards the party requesting preliminary relief.'" *Moose Toys Pty Ltd. v. Thriftway Hylan Blvd. Drug Corp.*, 15-CV-4483 DLI MDG, 2015 WL 4772173, at *2 (E.D.N.Y. 2015)(citing *Fequiere v. Tribeca Lending*, 2015 WL 1412580, *2 (E.D.N.Y. 2015) (quoting *Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc.*, 696 F.3d 206, 215 (2d Cir.2012)); *see also Salinger v. Colting*, 607 F.3d 68, 74–75 (2d Cir. 2010).

The Court finds that Plaintiffs are substantially likely to succeed on the merits of their claims for infringement and counterfeiting of registered and unregistered trademarks, pursuant to the Lanham Act, 15 U.S.C. §§1114 and 1125(a).

Due to Defendants' use of counterfeit and infringing Lindsey Adelman marks in connection with unauthorized copies of Plaintiffs' products, Plaintiffs are likely to suffer

immediate and irreparable harm in the absence of a temporary restraining order. Plaintiffs'
Complaint, Motion for temporary relief, supporting Declarations and exhibits thereto underscore
the threat of immediate and irreparable damage to Plaintiffs and consumers with respect to the
goodwill residing in the Lindsey Adelman marks, and through a likelihood of consumer confusion
in the absence of ex parte temporary relief.

Defendants own or control an internet website business located at
www.lucretiashop.com.au, www.replicalights.com.au, www.replica-lights.com,
www.delightful.su, www.left-concept.ru, www.jasboutique.co.uk, www.theplumplum.com,
www.great-light.ru, www.vakkerlighting.com, www.mooielight.com, and www.svetmarket.ru,
through which Defendants advertise, promote, offer for sale, and sell copies of Plaintiffs' lighting
design products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights.
Defendants use Plaintiffs' pictures of authentic products with the Lindsey Adelman marks on
Defendants' website, depicting Plaintiffs' products and marks as Defendants' own. Defendants
further direct traffic to their website, and conduct further infringement through the use of third-
party providers, such as search engines like google, and also promote their counterfeiting and
infringement through social media accounts, including on Instragram, Facebook, and Pinterest.

There is good cause to believe that more counterfeit and infringing products bearing
Plaintiffs' marks will appear in the marketplace; that consumers are likely to be misled, confused,
or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for
their genuine products, a loss of goodwill associated with their marks, and an erosion of the
legitimate marketplace in which Plaintiffs do business.

Defendants have taken steps to shield their true identities and location. Defendants'
website in some instances falsely list a business address where they do not have an office, nor any

other sign of existence.  Defendants' efforts to hide their identity and create the false impression that they conduct business from within the United States further underscores that if Plaintiffs proceed on notice to Defendants with their Motion for Temporary Restraining Order, Defendants may easily and quickly transfer the registrations for their internet domain name, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiffs' ability to obtain meaningful relief.

The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and goodwill as a designer, manufacturer and distributor of quality products if such relief is not issued.  Moreover, the public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine products.

<u>Temporary Restraining Order and Order to Show Cause</u>

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause is **GRANTED** as follows:

1.      Defendants Defendants, LUCRETIA LIGHTING PTY. LTD., an Australian entity which operates the website www.lucretiashop.com.au ("Lucretia"), REPLICA LIGHTS, an Australian entity which operates the website www.replicalights.com.au ("Replica Lights"), REPLICA-LIGHTS, a Russian entity which operates the website www.replica-lights.com ("Replica-Lights"), DELIGHTFUL, a Russian entity which operates the website www.delightful.su ("Delightful"), LOFT & CONCEPT, a Russian entity which operates the website www.loft-concept.ru ("Loft Concept"), JAS INDUSTRIES, LTD., an UK entity which operates the website www.jasboutique.co.uk ("Jas Boutique"), THE PLUM PLUM, a Kazakhstan

entity which operates the website www.theplumplum.com ("Plum Plum"), GREAT LIGHT COMPANY, a Russian entity which operates the website www.great-light.ru ("Great Light"), VAKKER LIGHTING, a Chinese entity which operates the website www.vakkerlighting.com ("Vakker Lighting"), MOOIELIGHT, a Chinese entity which operates the website www.mooielight.com ("Mooie Light"), SVETMARKET, a Russian entity which operates the website www.svetmarket.ru ("Svetmarket") and John Does Nos. 1 - 55, their agents, employees, representatives, privies, proxies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendants having notice of this Order are hereby enjoined and prohibited from:

(a)     Using the Lindsey Adelman Marks in any manner, and from making, using or promoting any mark that is similar thereto particularly in connection with interior and lighting design sales, concepts or products, including on the internet through e-commerce websites, including on www.lucretiashop.com.au, www.replicalights.com.au, www.replica-lights.com, www.delightful.su, www.left-concept.ru, www.jasboutique.co.uk, www.theplumplum.com, www.great-light.ru, www.vakkerlighting.com, www.mooielight.com, and www.svetmarket.ru, in meta-data, marketing or promotional activities such as Google ad-words, or other key word advertising;

(b)     Making, using, offering for sale or selling any lighting fixture through the use of any name, mark or indicator of origin that is confusingly similar to the Lindsey Adelman marks;

(c)     Using marks or other indicators of origin that are likely to cause confusion, mistake, or deception in the minds of the consuming public as to Plaintiffs' affiliation, association,

connection, licensing, sponsorship, or approval of any of the products or services offered by Defendants;

(d)     Passing off, inducing, or enabling others to offer or pass off any product or service which does not originate from Plaintiffs as a product or design that does in fact originate from Plaintiffs;

(e)     Committing any other act calculated to cause any person or entity to believe that Defendants' products originate from Plaintiffs, unless such product or designs do in fact originate from Plaintiffs; and

(f)     Utilizing any of the Lindsey Adelman marks or any derivative or variation of those terms or marks, or any visually or phonetically similar term in connection with any goods or lighting designs offered for sale, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as google ad-words, or other key word advertising. Prohibited terms shall include: Lindsey Adelman, Lindsey Adelman Studio, Branching Bubble, Agnes, Branching Disc, Burst, Cherry Bomb, Kingdom Clamp, Knotty Bubbles, Lindsey, and future Lindsey Adelman Studio collections.

2.     Defendants shall not transfer ownership of the subject domain name(s) during the pendency of this Action, or until further Order of the Court.

3.     The     domain     name     registry     for     www.lucretiashop.com.au, www.replicalights.com.au, www.replica-lights.com, www.delightful.su, www.left-concept.ru, www.jasboutique.co.uk, www.theplumplum.com, www.great-light.ru, www.vakkerlighting.com, www.mooielight.com, and www.svetmarket.ru,, and any other domains through which Defendants are conducting the above described infringing conduct , and/or the registrars holding or listing the www.lucretiashop.com.au,               www.replicalights.com.au,               www.replica-lights.com,

www.delightful.su,    www.left-concept.ru,    www.jasboutique.co.uk,    www.theplumplum.com,

www.great-light.ru,    www.vakkerlighting.com,    www.mooielight.com,    and    www.svetmarket.ru,

domains name shall, within three (3) days of receipt of this Order, temporarily disable the domains,

or any subset of the domains names specified by Plaintiffs, through a registry hold or otherwise,

and make it inactive and non-transferable pending further order from this Court, unless Plaintiffs

consent in writing to the release of the domain names  from such restraints.

      4.     All     third     parties     providing     services     used     in     connection     with

www.lucretiashop.com.au,          www.replicalights.com.au,          www.replica-lights.com,

www.delightful.su,    www.left-concept.ru,    www.jasboutique.co.uk,    www.theplumplum.com,

www.great-light.ru,    www.vakkerlighting.com,    www.mooielight.com,    and    www.svetmarket.ru,

including  without  limitation,  web  hosting  providers,  back-end  service  providers,  digital

advertising  service  providers,  search-based  online  advertising  services  (such  as  through  paid

inclusion,  paid  search  results,  sponsored  search  results,  sponsored  links,  and  internet  keyword

advertising),  domain  name  registration  privacy  protection  services,  providers  of  social  media

services *(e.g.,* Facebook, Instagram, and Pinterest) and user generated and online content services

*(e.g. ,* YouTube, Flickr and Tumblr), that receive actual notice of this Order, shall within three (3)

days of receipt of this Order, cease providing or disable provision of such services to Defendants

in relation to the Lindsey Adelman marks.

      5.     Upon  Plaintiffs'  request,  the  privacy  protection  service  for  the  subject  domain

name(s) for which the Defendants use such privacy protection service to conceal their identity and

contact information are ordered to disclose to Plaintiffs the true identities and contact information

of the registrant(s).

6.      Upon entry of this Order, Plaintiffs shall provide a copy of this Order by email to the registrar of record for the subject domain name, so that the registrar may notify the Defendants/registrants of the Order and provide notice of the locking of the domain name.

7.      Plaintiffs shall also provide notice and a copy of this Order to the Defendants/registrants of the subject domain name via email to the email address provided as part of the domain registration data for the domain name, and Plaintiffs shall provide notice and a copy of this Order to the operators of the website via an email address and/or online submission forms provided on the website operating at the www.lucretiashop.com.au, www.replicalights.com.au, www.replica-lights.com, www.delightful.su, www.left-concept.ru, www.jasboutique.co.uk, www.theplumplum.com, www.great-light.ru, www.vakkerlighting.com, www.mooielight.com, and www.svetmarket.ru, domains.

8.      In accordance with 15 U.S.C. §1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees, agents and any persons in active concert or participation with them, and banks, savings and loan associations, payment processors or other financial institutions, payment providers, third-party processors and advertising service providers who receive actual notice of this Preliminary Injunction Order, shall immediately locate and restrain any accounts connected to Defendants' operations or the www.lucretiashop.com.au, www.replicalights.com.au, www.replica-lights.com, www.delightful.su, www.left-concept.ru, www.jasboutique.co.uk, www.theplumplum.com, www.great-light.ru, www.vakkerlighting.com, www.mooielight.com, and www.svetmarket.ru, websites; and shall not allow such funds to be transferred or withdrawn or allow any diminutions to be made by Defendants from such accounts, pending further order of this Court or notification otherwise by Plaintiffs.

9.     This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties.

10.     Pursuant to Fed. R. Civ. P. 65(c), Plaintiffs shall post a bond in the amount of $__10,000_____, as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint.  This Order shall be effective from issuance and continued subject to further Order of Court, conditioned upon Plaintiffs' posting such bond or equivalent security no later than **Tuesday, November 23, 2021**.

11.     A telephonic hearing is set before this Court on **Friday, December 1, 2021 at 4:00PM Eastern Time**, at which time Defendants and/or any other persons with standing may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiffs' requested preliminary injunction.  All parties shall appear and should contact the Court at **1-888-363-4749 (access code: 3768660)**.

12.     Plaintiffs shall serve copies of their Complaint, Motion for Temporary Restraining Order and to Show Cause, this Order and all other pleadings and documents on file in this action on Defendants by email as described above and such notice so given shall be deemed good and sufficient service thereof pending or until further Order of Court.  Plaintiffs are directed to serve Defendants by **Friday, November 19, 2021**.

13.     Any response or opposition to Plaintiffs' Motion for Temporary Restraining Order and to Show Cause for a Preliminary Injunction must be filed and served on Plaintiffs' counsel by **Friday, November 26, 2021**, and filed with the Court, along with Proof of Service.  Plaintiffs shall file any Reply Memorandum by **Tuesday, November 30, 2021**.  The above dates may be revised upon stipulation by all parties and/or approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction

against them pursuant to 15 U.S.C. section 1116(d), Federal Rule of Civil Procedure 65, and

this Court's inherent authority.

**IT IS SO ORDERED.**

Dated: **November 17, 2021**

_____
  **ANDREW L. CARTER, JR.**
  **United States District Judge**