USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/21/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LINDSEY ADELMAN STUDIO LLC and LINDSEY ADELMAN,

                              **Plaintiffs,**

-against-

LUCRETIA LIGHTING PTY, LTD, ET AL.,

                              **Defendants.**

**21-cv-9423 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs Lindsey Adelman and Lindsey Adelman Studio LLC (together, "Plaintiffs") brought this action on November 15, 2021, seeking to enjoin various defendants from infringing both registered and unregistered trademarks. On December 13, 2022, Defendant Jas Industries ("Defendant") moved to dismiss for lack of personal jurisdiction.

      Plaintiff Lindsey Adelman is a designer of lighting fixtures. Defendant Jas Industries is a retailer of home goods including light fixtures. Defendant's company is based in the United Kingdom. Defendant argues that no basis exists for the exercise of personal jurisdiction as it has never contracted business with New York residents.

      To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff must show that "the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Lit*., 334 F.3d 204, 206 (2d Cir. 2003) (citation omitted). The district court must engage in a two-step analysis when evaluating whether sufficient grounds exist to exercise personal jurisdiction over a non-domiciliary defendant. First, the court determines if a statutory basis exists to exercise jurisdiction under the forum state's long-arm statute. New York's long-arm statute N.Y.C.P.L.R. § 302(a) governs the exercise of personal jurisdiction. The Court then evaluates whether exercise of jurisdiction comports with the Due Process clause of the Constitution.

Section 302(a)(1) establishes jurisdiction where the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. § 302(a)(1). "The 'transacting business' element requires a defendant to have 'purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws.'" *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 466 (S.D.N.Y. 2008) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999)). "Websites that are of a commercial nature and permit consumers to place orders and e-mail questions, can confer personal jurisdiction pursuant to section 302(a)(1)." *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 86 (E.D.N.Y. 2006); *Hsin Ten Enter. USA, Inc. v. Clark Enters*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("[I]nteractive websites, which permit the exchange of information between the defendant and website viewers . . . support[] a finding of personal jurisdiction over the defendant."). However, the mere existence of a commercial website is insufficient to support to rest the exercising personal jurisdiction over a foreign defendant. *See ISI Brands*, 458 F. Supp 2d at 87-88 ("[T]he existence of an interactive "patently commercial" website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York."); *Savage Universal Corp. v. Grazier Const., Inc.*, No. 04-cv-1089-GEL, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of "transacting business" to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."); *Hsin*, 138 F. Supp. 2d at 456 ("[T]he Second Circuit has made clear that personal jurisdiction over a defendant is not appropriate simply because the defendant maintains

a website which residents of New York may visit."). "[C]ourts must examine the "nature and quality of commercial activity that an entity conducts over the internet." *Hsin*, 138 F. Supp. 2d at 456.

Defendant argues that the Court cannot exercise personal jurisdiction because they are foreign corporation whose website doesn't meet the requirements of New York's long arm statute. Defendant further contends that it has not sold to any residents of the state of New York and thus has not transacted business in the state.

District courts in this Circuit have repeatedly declined to exercise personal jurisdiction where a defendant simply operates a website. *See Blockchange Ventures I GP, LLC v. Blockchange*, Inc., No. 21-cv-891-PAE, 2021 WL 3115437, at *7 (S.D.N.Y. July 22, 2021) (finding no personal jurisdiction where defendant denied selling "selling any "assets" in New York; and Plaintiff has failed to identify any specific transactions supporting its claim of New York sales."); *Beijing Daddy's Choice Sci. & Tech. Co. v. Pinduoduo Inc.*, No. 18-cv-6504-NRB, 2019 WL 3564574, at *5 (S.D.N.Y. Aug. 6, 2019) (finding no personal jurisdiction where plaintiff relied on "the mere accessibility of [an] interactive website" as grounds for conferring jurisdiction); *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 85-89 (E.D.N.Y. 2006) (finding no personal jurisdiction where Plaintiff alleged only that defendant's sold products to a national audience through an interactive website but showed no purposeful contact with New York); *cf. Two's Co. v. Hudson*, No. 13-cv-3338-NSR, 2014 WL 903035, at *5 (S.D.N.Y. Mar. 6, 2014) (finding personal jurisdiction where, along with an interactive website, defendant actually sold and shipped products to New York); *Energy Brands Inc.*, 571 F. Supp. 2d at 466-69 (finding personal jurisdiction where plaintiff demonstrated that defendant, through an interactive website, sold products directly to New York customers).

After filing this action, Plaintiffs went through the process of submitting an order on the Defendant's website to prove that a New York resident *could* order from the website. But Plaintiffs have not pleaded that any orders were *actually* placed and received by New York residents. *See* Similarly, Plaintiffs fails to plead that Defendant's website targets New Yorkers or makes any "effort[] . . . to reach the New York market.". *Davey v. PK Benelux B.V.*, No. 20-cv-5726, 2022 WL 128934, at *4 (S.D.N.Y. April 29, 2022). "Plaintiff[s] allege only that the Defendant sells products nationally through an interactive website" and They make no claim Defendant "purposefully solicits New York customers; makes mailings to New York residents; enters contracts in New York; or that its website is in any way targeted towards New York.". *ISI Brands*, 458 F. Supp. 2d at 87.

For the foregoing reasons, this Court may not exercise personal jurisdiction over Defendant Jas Industries in this action.

In opposition to Defendant's motion Plaintiffs request jurisdictional discovery to determine whether Defendant has done business with New York residents. District courts have considerable discretion "in devising the procedures it will follow ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). The district court "may order jurisdictional discovery where the [p]laintiff 'has made a threshold showing that there is a colorable claim of jurisdiction.'" *WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491, 495 (E.D.N.Y. 2019) (quoting *Leon v. Shmukler*, 992 F.Supp.2d 179, 195 (E.D.N.Y. 2014)). Plaintiffs assert that Defendant has transacted business with New York residents. Here, the plaintiff has not made a threshold showing that there is a colorable claim of jurisdiction. The Court declines to allow jurisdictional discovery.

Accordingly, Defendant Jas Industries motion to dismiss is **GRANTED.** The Clerk of the Court is respectfully directed to terminate ECF No. 30.

**SO ORDERED.**

Dated:   September 21, 2022
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**