UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:  1:21-cv-09423

LINDSEY ADELMAN STUDIO, LLC, a
New York limited liability company, LINDSEY
ADELMAN, individually,

      Plaintiff,

vs.

LUCRETIA LIGHTING PTY. LTD., an Australian
entity which operates the website
www.lucretiashop.com.au, REPLICA LIGHTS, an
Australian entity which operates the website
www.replicalights.com.au, REPLICA-LIGHTS,
a Russian entity which operates the website
www.replica-lights.com, DELIGHTFUL, a Russian
entity which operates the website www.delightful.su,
LOFT & CONCEPT, a Russian entity which operates
the website www.loft-concept.ru, JAS INDUSTRIES,
LTD., an UK entity which operates the website
www.jasboutique.co.uk, THE PLUM PLUM,
a Kazakhstan entity which operates the website
www.theplumplum.com, GREAT LIGHT COMPANY,
a Russian entity which operates the website
www.great-light.ru, VAKKER LIGHTING, a
Chinese entity which operates the website
www.vakkerlighting.com, MOOIELIGHT, a Chinese
entity which operates the website www.mooielight.com,
SVETMARKET, a Russian entity which operates the
website www.svetmarket.ru, and John Does Nos. 1 - 55,

      Defendants.

_____ /

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  9/27/2022

## CONSENT ORDER, FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs, Lindsey Adelman Studio, LLC, and Lindsey Adelman, individually, and

Defendants, VAKKER LIGHTING, a Chinese entity which operates the website

www.vakkerlighting.com ("Vakker") and MOOIELIGHT, a Chinese entity which operates the

website www.mooielight.com ("Mooielight") (Lindsey Adelman Studio, Lindsey Adelman, Vakker, and Mooielight shall collectively be referenced as the "Parties"), submit, pursuant to the parties' stipulation, this Consent Order, Final Judgment and Permanent Injunction.

### FINDINGS OF FACT

1.    Plaintiffs, Lindsey Adelman Studio, LLC, and Lindsey Adelman, have filed a Complaint alleging various counts of trademark infringement pursuant to 15 U.S.C. §1114(1); false designation of origin and trade dress infringement pursuant to 15 U.S.C. §1125(a); trademark dilution pursuant to 15 U.S.C. §1125(c); and common law unfair competition, against Defendants, Vakker and Mooielight as more particularly described in Plaintiffs' Complaint.

2.    Plaintiffs allege that Vakker and Mooielight were selling through their stores and on the internet sites various designs of lighting fixtures that were either piratical copies or substantial copies of Plaintiffs' proprietary lighting fixtures.   Plaintiffs' claims included counts for trademark and trade dress infringement of both registered and unregistered trademarks and trade dress that include, but are not limited to: "Lindsey Adelman Studio", "Lindsey Adelman", "Branching Bubble", "Agnes", "Cherry Bomb", "Branching Disco", "Burst", "Catch", "Kingdom", "Drop System", and "Clamp Light", trade dress, and other marks and indicators of origin used and associated with Plaintiffs and Plaintiffs' products (collectively the "Lindsey Adelman Marks").

3.    Plaintiffs use the Lindsey Adelman Marks in connection with their design, sale, marketing, distribution and promotion of unique, high-end, acclaimed lighting fixtures.

4.    Vakker and Mooielight have denied liability for the acts alleged in Plaintiffs' Complaint.

2

5.      Lindsey Adelman Studio's lighting creations have developed fame and iconic status among the interior design community and consumers of modern high-end design products. Lindsey Adelman Studio collections have been exhibited at famous art houses and design museums, including the Cooper-Hewitt National Design Museum, Design Miami, Nilufar Gallery, Smithsonian Design Museum, and BBDW Gallery, among others.

6.      Among the Lindsey Adelman Marks used by Plaintiffs, Lindsey Adelman Studio owns U.S. federal trademark Registration. No. 5,407,182 for "Lindsey Adelman Studio". Plaintiffs other names and marks to designate their products, including "Lindsey Adelman", "Branching Bubble", "Agnes", "Cherry Bomb", "Branching Disco", "Burst", "Catch", "Kingdom", "Drop System", and "Clamp Light".  The parties have stipulated to the entry of this Consent Order, Final Judgment, and Permanent Injunction.

7.      The Court accepts the parties' Consent and stipulation to the relief set forth herein.

It is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

8.      The Court has jurisdiction of the entire subject matter of this action as set forth in Plaintiffs' Complaint.  Venue is proper in this Court.

9.      Defendants, Vakker and Mooielight, their agents, employees, servants, privies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendants Vakker and Mooielight are hereby permanently enjoined and prohibited from:

(a)      Using the Lindsey Adelman Marks in any manner, and from making, using or promoting any mark that is similar thereto particularly in connection with interior and lighting design sales, concepts or products, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as Google ad-words, or other key word advertising;

(b)     Making, using, offering for sale or selling any lighting fixture through the use of any name, mark or indicator of origin that is confusingly similar to the Lindsey Adelman Marks including the Branching Bubble mark, its trade dress, the Agnes mark and any indicators of origin utilized by Plaintiff such as "Agnes", "Cherry Bomb", "Branching Disco", "Burst", "Catch", "Kingdom", "Drop System", and "Clamp Light", and future Lindsey Adelman Studio collections;

(c)     Manufacturing, promoting, advertising and selling any product through the use of the Plaintiffs' protected trade dress and any design or trade dress similar thereto;

(d)     Using marks or other indicators of origin that are likely to cause confusion, mistake, or deception in the minds of the consuming public as to Plaintiffs' affiliation, association, connection, licensing, sponsorship, or approval of any of the products or services offered by Vakker or Mooielight;

(e)     Passing off, inducing, or enabling others to offer or pass off any product or service which does not originate from Plaintiffs as a product or design that does in fact originate from Plaintiffs;

(f)     Committing any other act calculated to cause any person or entity to believe that Vakker or Mooielight's products originate from Plaintiffs, unless such product or designs do in fact originate from Plaintiffs; and

(g)     Utilizing any of the Lindsey Adelman Marks or any derivative or variation of those terms or marks, or any visually or phonetically similar term in connection with any goods or lighting designs offered for sale, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as google ad-words, or other key word advertising. Prohibited terms shall include: "Lindsey Adelman Studio", "Lindsey Adelman", "Branching

Bubble", "Agnes", "Cherry Bomb", "Branching Disco", "Burst", "Catch", "Kingdom", "Drop System", and "Clamp Light", "Lindsey", and future Lindsey Adelman Studio collections.

10.    In addition, Vakker and Mooielight will affirmatively take the following actions:

(a)    Within one week of the date of the Order, Vakker and Mooielight must account for all on-hand inventory, goods and materials and orders pending for such goods and materials which contain, depict, utilize or derive from the Lindsey Adelman Marks and destroy the inventory.  Vakker and Mooielight shall also and cancel all Google ad words, and remove all Google cache files within one week of the entry of this order.

(b)    Vakker and Mooielight shall immediately remove all subject product pages from their websites consistent with this Order.

(c)    Vakker and Mooielight must disclose the names and addresses of all manufacturing and supply sources for all products and inventory utilizing the Lindsey Adelman Marks in writing to Plaintiff's counsel no later than January 8, 2021.

11.    The Court shall retain jurisdiction to enforce the terms of this Consent Order, Final Judgment and Permanent Injunction.  In the event that any further litigation is necessary to enforce or interpret the rights, duties, or obligations contained in this Consent Order, the prevailing party shall be entitled to recover their attorney's fees incurred at all levels of such proceedings.

**IT IS SO ORDERED.**

Dated:    _September 27_ , 2022
         New York, New York

_____
UNITED STATES DISTRICT JUDGE