USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/8/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDSEY ADELMAN STUDIO LLC AND LINDSEY ADELMAN,

                    Plaintiffs,

-against-

LUCRETIA LIGHTING PTY, LTD, ET AL,

                    Defendants.

21-cv-09423 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On August 29, 2023, the Court ordered Plaintiffs Lindsey Adelman and Lindsey Adelman Studio LLC (together, "Plaintiffs") to show cause as to why this case should not be dismissed without prejudice pursuant to Rule 41(b) as to the non-appearing defendants[1]. ECF No. 56. On September 5, 2023, Plaintiffs filed a letter explaining they incorrectly believed they had moved for default judgment against the non-appearing defendants. ECF No. 57. Plaintiffs also advised that they would move for default judgment within three business days. *Id*.

On September 6, 2023, Plaintiffs filed a motion for entry of default as to the non-appearing defendants. ECF No. 59. Additionally, Plaintiffs filed an affidavit in support of this motion. ECF No. 60. On that same day, Plaintiffs requested certificates of default. The Clerk of the Court notified the Plaintiffs that they had failed to file a supporting declaration related to their request for certificates. The Plaintiffs corrected this error on September 7, 2023, *see* ECF No. 77, and on September 8, the Clerk of the Court entered certificates of default as to the non-appearing defendants. ECF Nos. 77-85.

---

[1] There are at least eight remaining defendants named in the Plaintiffs' complaint: LUCRETIA LIGHTING PTY. LTD ("Lucretia"), REPLICA LIGHTS ("Replica Lights"), REPLICA-LIGHTS ("Replica-Lights"), DELIGHTFUL, ("Delightful"), LOFT & CONCEPT ("Loft Concept"), THE PLUM PLUM, ("Plum Plum"), GREAT LIGHT COMPANY ("Great Light"), and SVETMARKET ("Svetmarket").

According to this Court's Individual Practices, a plaintiff should first obtain a certificate of default before moving for default judgment and any motion for a default judgment should include, *inter alia*, an attorney's affidavit, a proposed default judgment, copies of all the pleadings, a copy of the affidavit of service of the original summons and complaint, and a memorandum providing the legal and factual authority proving that liability has been established. *See* Attachment A to Individual Practices of Andrew L. Carter, Jr. Plaintiffs have failed to provide all the necessary documents, including a memorandum of law, a proposed order, and copies of the pleading. Plaintiffs are **ORDERED** to follow this Court's Individual Practices and file the appropriate supporting documents on or by **September 12, 2023.** Plaintiffs should also indicate if they seek damages in their motion for a default judgement.

Plaintiff's pending motion at ECF No. 59 is **DENIED without prejudice with leave to renew.** The Clerk of the Court is directed to terminate ECF No. 59.

**SO ORDERED.**

Dated:    September 8, 2023
              New York, New York

                                                  **ANDREW L. CARTER, JR.**
                                                  **United States District Judge**